# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOE'VONE M. JORDAN,

    Plaintiff,

v.                                      Case No. 13-CV-640

CO JOSHUA O. ODDSEN,
CO JOSEPH BEAHM,
CO THOMAS NELSON,
CO ROBERT J. RYMARKIEWICZ,
CO BRIAN GREFF,
CO JAMES A. NYHUS,
ANTHONY MELI,
CO ANDREW MOUNGEY,
CO JASON J. GRAHL,
CO ERIC J. BILLINGTON,
CO JOSEPH J. KEYS,
CO JASON WENZEL,
CO STANIEC,
CO MITCHELL L. BILLE, and
CO BURNS,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND SCREENING PLAINTIFF'S COMPLAINT

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to appoint counsel, and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $7.62. The plaintiff's motion will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

All of the events detailed in the plaintiff's sworn complaint occurred during the months of August and October 2012. According to the complaint, on an unspecified date, the plaintiff reported suicidal feelings to defendants Oddsen, Beahm, Nelson, and Rymarkiewicz. Beahm responded, "I'll take real good care of your property once I put you in observation." (Complaint, Docket # 1 at 1.) Beahm pinched and clamped extremely tight cuffs on the plaintiff's wrists and legs. While the plaintiff was kneeling down, Beahm stood on the plaintiff's legs. Then defendants Beahm and Nyhus pulled the plaintiff down the hallway and made verbal threats. Defendants Nelson and Rymarkiewicz

- 3 -

were present and observed this. The plaintiff was placed in a dirty observation cell and denied soap and a face towel. Beahm verbally harassed the plaintiff for several hours. Defendant Staniec then denied the plaintiff his religious meal for Ramadan and gave him nutriloaf instead as punishment. The plaintiff tried to get medical treatment for the injuries he suffered, but he was unsuccessful that night. The plaintiff did not receive care until a day after the incident. After coming off suicide watch, the plaintiff's personal property was returned to him. But it had been destroyed by Beahm in retaliation.

The complaint further states that on another date, defendants Grahl and Burns left the plaintiff in a cell with a broken toilet and biowaste that had overflowed all over the floor. The plaintiff pushed his emergency intercom, but he was ignored and left in the room for hours. Officers on first shift had refused to move the plaintiff so he again requested that he be removed when second shift started. The plaintiff asked to be placed in a clean cell with a working toilet. Instead, he was taken out of his cell and assaulted by defendants Moungey, Bille, Grahl, Billington, Keys, Wenzel, and Nyhus. The plaintiff suffered injuries from this assault.

The plaintiff reported all incidents to defendants Greff and Meli, but his claims were not acknowledged.

The Eighth Amendment prohibits the "cruel and unusual punishments" against individuals convicted of crimes. U.S. CONST. amend. VIII. The "unnecessary and wanton infliction of pain" on a prisoner violates his rights under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To qualify as the "unnecessary and wanton infliction of pain", conduct imposed on a prisoner by an officer must involve more than de minimis force that was not applied in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). Prison conditions can be considered cruel and unusual punishment,

- 4 -

constituting a violation of the Eighth Amendment if the conditions are so severe as to deny an inmate "the minimal civilized measure of life's necessities." *Hudson*, 503 U.S. at 20; *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006). To state a claim that his Eighth Amendment was violated, the plaintiff must show that 1) the prison conditions were serious enough to deny him of basic human needs, and 2) the officers acted with a culpable state of mind, which at the minimum level, requires "deliberate indifference." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1993). With regard to the first incident, the plaintiff may proceed on an Eighth Amendment claim against Beahm for his verbal and physical actions, as well as for the asserted destruction of the plaintiff's personal property. The plaintiff's averments imply that Beahm used more than de minimis force and do not suggest that the force was part of a good-faith effort to maintain or restore discipline. *See Hudson*, 503 U.S. at 5.

Similarly, the plaintiff may proceed on a claim against defendant Nyhus with regard to this incident. Verbal threats alone are not sufficient to establish a federal constitutional claim, *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (holding that standing alone, simple verbal harassment does not constitute cruel and unusual punishment); *Gavin v. Ammons*, No. 92-3545, 1994 WL 117983, at 1 (7th Cir. 1994) (ruling that the correctional officer's name calling and verbal threat to kill the prisoner one day are not enough for the prisoner to proceed on a constitutional claim). However, the plaintiff asserts that Nyhus made verbal threats as he helped Beahm pull the plaintiff down the hallway. That is enough to proceed at this early stage.

The plaintiff also may proceed on Eighth Amendment claims against defendants Nelson and Rymarkiewicz for their failure to act to stop Beahm. To incur liability under §1983, an officer does not need to directly participate in the deprivation of rights. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982) ("An official satisfies the personal responsibility requirement of section 1983 if she acts or

- 5 -

fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent."). An officer can be held liable for failure to intervene and prevent a fellow officer from violating a plaintiff's rights by excessive use of force if the officer has the realistic opportunity to intervene. *See Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004); *Crowder*, 687 F.2d at 1005.

However, the plaintiff does not allege any personal involvement by Oddsen other than the statement that he reported suicidal feelings to him. The court will dismiss Oddsen as a defendant to this action.

As part of this first incident, the plaintiff summarily states, "Defendant Staniec denied plaintiff religious meal/Ramadan, giving him nutriloaf to punish plaintiff." (Docket # 1 at 1.) From what the plaintiff has written, the court infers that this was an isolated incident and relates to only one meal during the time when the plaintiff was on suicide watch. There is nothing to suggest that the replacement of the plaintiff's religious meal with nutriloaf had anything to do with the plaintiff's religion or Staniec's desire to interfere with the plaintiff's religious practice. The plaintiff's bare allegation is not enough to state a claim under the First Amendment or RLUIPA. Additionally, even if the plaintiff did not eat the nutriloaf, an individual missed meal is not enough to state an Eighth Amendment claim because the plaintiff does not allege that this one skipped meal endangered his health. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670-71 (7th Cir. 2012). The court will dismiss Staniec as a defendant.

The court now turns to the second incident described in the plaintiff's complaint. The plaintiff may proceed on Eighth Amendment conditions of confinement claims against defendants Grahl and Burns for placing him in a cell with unsanitary conditions. He also may proceed on Eighth

Amendment excessive force claims against defendants Moungey, Bille, Grahl, Billington, Keys, Wenzel, and Nyhus for physically attacking and injuring the plaintiff when they removed him from his cell.

Finally, the plaintiff's complaint names Officer Greff and Officer Meli as defendants based on the averment that all the alleged violations were reported to them, but the plaintiff's claims were not acknowledged. At screening, this is enough to state a claim against defendants Greff and Meli for failure to act, though it is unclear whether they were alerted in sufficient time to be able to intervene to stop any constitutional violations. *See Fillmore*, 358 F.3d at 506.

The plaintiff also has filed a motion to appoint counsel. He argues that he is mentally ill and uneducated. He asserts that he will not be able to comprehend or file the proper paperwork to litigate this case. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

With his motion, the plaintiff submitted copies of two letters he received back from attorneys declining to represent him. This is sufficient to satisfy the threshold burden. Thus, the court must

consider whether, given the difficulty of the case, the plaintiff appears competent to litigate this case himself. Despite his assertions to the contrary, the plaintiff has presented the court with documents that communicate clearly. Also, the plaintiff's claims relate to incidents that happened directly to him. However, he may conduct discovery after the defendants have answered. He also will be required to respond to any motion for summary judgment that the defendants may bring. From what the plaintiff has presented thus far, the court consider the plaintiff capable of completing those tasks. He will be provided with the applicable rules, some of which the court has already mailed to him, and he will have to present an affidavit or sworn declaration regarding his version of the events. The plaintiff's motion to appoint counsel will be denied at this time.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 6) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the following individuals are **DISMISSED** as defendants in this action: Joshua O. Oddsen, Staniec.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $342.38 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

>Honorable Nancy Joseph
>℅ Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal

rights of the parties.

Dated at Milwaukee, Wisconsin this 13th day of November, 2013.

BY THE COURT

 *s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge