UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOE'VONE M. JORDAN,

      **Plaintiff,**

    v.                                          Case No. 13-CV-640

CO JOSEPH BEAHM,
CO THOMAS NELSON,
CO ROBERT J. RYMARKIEWICZ,
CO BRIAN GREFF,
CO JAMES A. NYHUS,
ANTHONY MELI,
CO ANDREW MOUNGEY,
CO JASON J. GRAHL,
CO ERIC J. BILLINGTON,
CO JOSEPH J. KEYS,
CO JASON WENZEL,
CO MITCHELL L. BILLE, and
CO BURNS,

      **Defendants.**

## DECISION AND ORDER ON PLAINTIFF'S MOTIONS

The plaintiff, Joe'vone M. Jordan, is a state prisoner who is proceeding *pro se* on Eighth Amendment claims under 42 U.S.C. § 1983. On November 13, 2013, I entered an order granting Jordan's motion for leave to proceed *in forma pauperis* and screening his complaint. Since then, Jordan has filed a number of motions, which I will address in this order.

### MOTION FOR PROTECTIVE ORDER

On November 21, 2013, Jordan filed a motion requesting leave to file motion of protective order (Docket # 17), and a motion for protective order (Docket # 18), which was docketed alternatively as a motion to prevent spoilation of evidence (Docket # 18). Jordan asks me to prevent the defendants from destroying personnel files regarding the incidents underlying

his complaint, all complaints against the defendants in 2012 and 2013, and all complaints regarding Jordan's claims. He also asks for the preservation of the video of the incident on August 16, 2012. Jordan is concerned that records might be purged before he can obtain them in discovery because union contracts provide that personnel files may be purged after one year. Jordan wants the personnel files to be preserved because some of the defendants may have been disciplined for actions that took place in July or August 2012. The defendants did not respond to Jordan's motions. I will grant Jordan's motion and direct the defendants not to purge the defendants' personnel files or destroy any documents or other evidence that may relate to Jordan's claims until this case is completed.

## MOTIONS RELATED TO AMENDMENT OF THE COMPLAINT

On December 3, 2013, Jordan filed both a motion for leave to file a motion to amend the complaint (Docket # 19) and a motion to amend the complaint (Docket # 20). He subsequently submitted a letter asking to withdraw these motions, and that request will be granted.

On January 6, 2014, Jordan filed another motion requesting leave to file a motion to amend complaint (Docket #24). In this motion to amend, Jordan does not attach a proposed amended complaint, which is required by Civil Local Rule 15. Nor does Jordan explain the changes he wants to make to the complaint. This motion will be denied.

On January 10, 2014, Jordan filed a motion to correct errors on his exhaustion of administrative remedies (Docket # 28). He suggests that it was bad faith for the defendants to assert exhaustion as an affirmative defense and wants to submit additional information regarding his exhaustion. Jordan did not submit a proposed amended complaint, with this motion. Instead, he provided many pages of documents related to his exhaustion of his administrative remedies with regard to his claims in this case. However, exhaustion does not

need to be pled. It is an affirmative defense that defendants may raise in their answer and then, if applicable, pursue in discovery and/or a motion for summary judgment. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)). Since the inclusion of documents detailing exhaustion is unnecessary, there was no error to correct and I will deny Jordan's motion.

On January 24, 2014, Jordan asked for a stay so that he could exhaust his administrative remedies (Docket # 31). He wants to add a new claim that a staff-assisted strip search conducted the same day as the other incidents underlying his complaint violated his rights. Jordan suggests that he just realized this was a violation of his rights and therefore did not exhaust his administrative remedies with regard to the strip search. Jordan wants this case held in abeyance until he finishes exhausting his administrative remedies regarding that claim. Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). This case cannot be put on hold for Jordan to go back and exhaust once the complaint has been filed. I will deny Jordan's motion. However, it is not clear at this time whether Jordan's new claim would be subject to dismissal for failure to exhaust. I will issue a separate scheduling order with a deadline for amendment of pleadings.

Most recently, on March 25, 2014, Jordan filed a motion for leave to file second amended complaint (Docket # 32) and motion to amend original complaint (Docket # 33). Neither motion includes a proposed amended complaint. Nor is either motion necessary. The motions seem to be in response to affirmative defenses from the defendants' answer.

In Docket # 32, Jordan refers to the legal standard for stating a claim and states that he wants to file a second amended complaint to address the defendants' affirmative defense that his complaint failed to state a claim upon which relief may be granted. He does not indicate in

what way he believes his claims were insufficient or how he would change them in a second amended complaint.

In Docket # 33, Jordan suggests that his complaint did not state reasons why relief should be granted and asks the court to allow a second amended complaint to fix the error. He includes in the body of his motion the text he proposed to add as his reason for relief.

Jordan's complaint has already been screened, and the Court has identified the claims on which he may proceed. The defendant's answer is a legal requirement, and often answers includes affirmative defenses that, upon further investigation, do not apply to the particular case. Nevertheless, defendants include them because failure to do so could waive their right to raise those objections later. There is no need for Jordan to respond to the defendants' answer or modify his complaint to address their affirmative defenses. These motions will be denied.

## MOTION FOR APPOINTMENT OF COUNSEL

Jordan filed a motion for appointment of counsel on January 6, 2014 (Docket # 26). He argues that he (1) has no money to hire counsel and is proceeding *in forma pauperis*, (2) attempted to secure counsel on his own, (3) has a chance of success more likely than not, and (4) has a complicated case to present. Jordan asserts that he is working on his GED and computer classes, that he is busy working on his criminal case, that he is currently is segregation and has some property that is missing or has been destroyed, and that he has been getting help from a jailhouse lawyer. Jordan submitted GED progress reports and a declaration from the inmate who has been helping him in support of his motion.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d

647, 653 (7th Cir. 2007). Here, Jordan has satisfied this threshold inquiry. Thus, I must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Jordan's claims in this case relate to his interaction with the defendants on two separate dates. Jordan was present for these incidents and can swear (in an affidavit or declaration) to his version of events. He will be able to serve written discovery requests regarding these incidents, asking for the defendants' versions of the events and any written reports that resulted from them. Although Jordan has had another inmate assisting him and has not yet obtained his GED, there is no indication in the record that he will be unable to obtain discovery from the defendants or communicate his version of events to the court in response to a motion for summary judgment. For these reasons, I conclude that Jordan is competent to litigate this case. I will deny his motion for appointment of counsel.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to file motion of protective order (Docket # 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for protective order (Docket # 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to prevent spoilation of evidence (Docket # 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants shall not to purge the defendants' personnel files or destroy any documents or other evidence that may relate to the plaintiff's claims until this case is completed

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a motion to amend the complaint (Docket # 19) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket # 20) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the plaintiff's motion requesting leave to file motion to amend complaint (Docket # 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Docket # 26) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to correct errors on his exhaustion of administrative remedies (Docket # 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay so that he may exhaust administrative remedies (Docket # 31) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file second amended complaint (Docket # 32) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend original complaint (Docket # 33) is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of July, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge