## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOE'VONE M. JORDAN,

      **Plaintiff,**

    v.                                   **Case No. 13-CV-640**

CO JOSEPH BEAHM,
CO THOMAS NELSON,
CO ROBERT J. RYMARKIEWICZ,
CO BRIAN GREFF,
CO JAMES A. NYHUS,
ANTHONY MELI,
CO ANDREW MOUNGEY,
CO JASON J. GRAHL,
CO ERIC J. BILLINGTON,
CO JOSEPH J. KEYS,
CO JASON WENZEL,
CO MITCHELL L. BILLE, and
CO BURNS,

      **Defendants.**

---

## DECISION AND ORDER ON MOTIONS

---

Plaintiff, Joe'Vone Jordan, is proceeding *pro se* on Eighth Amendment claims regarding two incidents that occurred at Waupun Correctional Institution in 2012. Jordan has filed a number of motions that are before me now. The defendants have also asked for leave to file additional proposed findings of fact in support of their motion for summary judgment.

    *1.*    *Amended Claims*

On July 22, 2014, I entered a Scheduling Order that contained an August 18, 2014, deadline for the parties to file motions to amend the pleadings or add parties. Prior to that date, Jordan filed a motion for leave to file an amended complaint. (Docket # 36.) He attached a document with amended claims, but he did not reproduce his entire complaint. This did not comply with Civil Local Rule 15(a), which requires that "[a]ny amendment to a pleading . . .

must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Moreover, Jordan says he just recently found out that a new claim violated his rights, but the claim he sets forth is almost identical to one of the incidents described in his original complaint. It appears Jordan was just providing additional details regarding that claim. As such, no amendment of the complaint is necessary because the defendants have notice of the claim.

2.    *Release Account*

Next, Jordan filed a motion asking to access his release account to pay for copies, case law, briefs, postage, a private investigator, and lawyer costs. (Docket # 41.) I will not allow Jordan to access his release account to pay for litigation expenses in this case. Jordan did not submit an updated prisoner trust account statement with this motion. The trust account statement Jordan submitted with his original motion for leave to proceed *in forma pauperis* does not show a separate balance for Jordan's release account, but the total in both the regular and release accounts was only around $100.00. Although courts do sometimes allow parties to release account funds to pay filing fees, I will not authorize the account to be depleted by an open-ended request for litigation expenses.

I further note that Jordan might have access to a legal loan to help defray his legal expenses. The DOC legal loan statute "is not intended for the funding of prisoners' suits." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). As the Court of Appeals explained,

> the loans authorized by the statute are not 'funds which are disbursed or credited to an inmate's account to be used as he wishes' but rather 'simultaneous credits and debits . . . for the sole purpose of enabling prisoners to purchase "paper, photocopy work, or postage" on credit.' And Lindell has 'no constitutional entitlement to subsidy,' *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998). If he is

> able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension of credit will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

*Id.* If Jordan does not have other resources available to him, he will have to make decisions regarding how to allocate his funds, including the possibility of a legal loan.

### 3. *Motions to Compel Discovery*

In October 2014, Jordan filed two motions to compel. In his first motion to compel (Docket # 49), Jordan asks the court to order defendant Andrew Moungey to fully answer Interrogatory No. 20; Jordan believes Moungey answered vaguely. Jordan also asks the defendants to produce for inspection and copying a number of documents. He argues that he asked for these documents, but the defendants refuse to answer. Jordan also asks for $1.18 in costs for having to bring this motion.

In his second motion to compel (Docket # 50), Jordan seeks an order compelling the defendants to fully answer his second set of interrogatories, which he asserts the defendants refused to answer. Plaintiff also asks the court to direct the defendants to provide additional documents. He again seeks $1.18 in costs for having to bring this motion.

In both of these motions to compel, Jordan states that his discovery requests are attached, but neither motion had discovery requests attached.

The defendants filed responses to both motions. They argue Jordan has not shown compliance with Civil Local Rule 37 with regard to either motion. They also submit that they fully responded to Jordan's discovery requests and provided the court with full copies of all of their responses. They note that Jordan provided no argument in either motion explaining why the defendants' responses were deficient.

On November 10, 2014, Jordan filed a motion for reconsideration for an order compelling discovery. (Docket # 56). This is really a reply brief regarding plaintiff's motions to compel. As a motion, I will deny it as moot and consider the arguments in support of Jordan's motions to compel.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Although Jordan is representing himself, he is required to comply with Federal Rule of Civil Procedure 37 and with Civil Local Rule 37. Here, he has not. This is sufficient reason to deny Jordan's motions to compel.

I nevertheless have reviewed the defendants' discovery responses and consider them adequate. Interrogatory No. 20 is somewhat confusing. It appears to be asking defendant Moungey to confirm that he conducted a strip search of Jordan on August 16, 2012, along with some specific details regarding his actions. In response, the defendants refer Jordan to their response to Request Number 2 of the Defendants' Response to the Plaintiff's First Request for Production of Documents from Defendants. The defendants' response to Request Number 2 includes all documents related to the incident on August 16, 2012, including an incident report

by Moungey. This referral to the source documents was appropriate; the documents speak for themselves.

With regard to the long list of documents Jordan says the defendants failed to produce, the defendants directed the plaintiff to request some of the documents himself. These include his prison records, medical records, and the video of the incident. The other documents requested include photographs of the cells involved, the strip case, and surrounding areas, as well as prison policies regarding the treatment of prisoners in segregation, the use of the handheld camera during cell extractions, and an inmate's request for a white shirt. The defendants responded that no photographs exist, that the policies regarding treatment of prisoners in segregation, and the rules regarding an inmate's request for a white shirt are available in the prison library. The defendants were unwilling to produce the policy regarding the use of the handheld camera during cell extractions because it includes security procedure and methods in use of force situations and providing this policy to inmates would risk the security of the institution, staff, and inmates. Jordan also requested "Policy & procedures of agency must obey it's own rules." (Defendants' Response to Plaintiff's First Request for Production of Documents, Exh. B to Declaration of Brandon Flugaur, Docket # 53-2 at 5.) The defendants responded that they are not aware of any specific policy that meets this request. These answers and objections are appropriate.

Turning to Jordan's second motion to compel, he challenges the defendants' refusal to answer Interrogatory Numbers 3 through 23 because Jordan had exceeded his limit of 25 interrogatories. The defendants are correct that Federal Rule of Civil Procedure 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." For the purposes of computing the number of interrogatories served, parties

represented by the same attorney or law firm are regarded as one party. Civil L. R. 33(a)(2)(A) (E.D. Wis.). The defendants' objections were appropriate.

As to the document requests at issue in the second motion to compel, the first nine are duplicative of the first motion to compel and have already been addressed. Request Number 10 seeks control logs of observation of Jordan between July 31, 2012, and August 18, 2012. The defendants refer Jordan to their response to Request Number 2, where they provided such logs. Request Number 11 seeks certain video footage, but the defendants respond that the footage does not exist. Request Number 12 seeks procedures that are available for inspection in the prison library. Finally, Request Number 13 seeks all inmate complaints filed at the institution between July 31, 2012, and August 31, 2012. The defendants appropriately objected to the breadth of this request and its likelihood to infringe on the privacy of other inmates. They do tell Jordan how to request inspection of his own offender complaints, which he is allowed to do.

In his reply, Jordan submits that the library was unable to provide executive directive #43. It is unclear what exactly this document is, and the plaintiff has made no argument regarding why he needed it, even if he had satisfied the procedural requirements to bring a motion to compel.

Jordan also renews his request for the video from August 16, 2012. This video was produced by the defendants in support of their motion for summary judgment. While they did not produce a copy to Jordan because it would be contraband, they indicated that the plaintiff could view the disc at Waupun upon written request to Linda Alsum-O'Donovan.

Ultimately, for both procedural and substantive reasons, I will deny Jordan's motions to compel.

### 4.    Motion to Appoint Counsel

In his motion to appoint counsel (Docket # 51), Jordan argues that (1) he has no financial prospect or currency to hire representation, (2) he has made reasonable attempts to obtain counsel, (3) representation is in the interests of justice, (4) there is a "prodigious chance" that he will prove the elements of his case, (5) he is currently working on post-conviction motions in his criminal case, and (6) the defendants have denied him significant evidence in response to his discovery requests.

Jordan once again has satisfied the threshold inquiry. So I once again must consider "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

My conclusion that Jordan is competent to litigate this case has not changed. In fact, I have now had the opportunity to review his motions and discovery requests, which reveal a keen understanding of his claims and the evidence he might need to prove them. I will deny Jordan's motion for appointment of counsel.

### 5.    Motions for Summary Judgment

Jordan filed a motion for summary judgment on December 10, 2014 (Docket # 58), and the defendants filed a motion for summary judgment on December 18, 2014 (Docket # 61). The defendants also filed a motion for leave to file 62 additional proposed findings of fact (Docket # 64), which I will grant. They cite Jordan's five claims against twelve defendants as the reason for needing additional proposed findings of fact.

On December 22, 2014, Jordan filed a response to the defendants' motion for summary judgment. He also asked for an extension of time to file proposed findings of fact in support of his motion for summary judgment because he did not realize they were required. Jordan has

submitted a sworn motion for summary judgment, along with a number of affidavits of other inmate and exhibits. The court will consider all of these documents in support of Jordan's motion for summary judgment and in opposition to the defendants' motion for summary judgment. There is no need for Jordan to file proposed findings of fact at this time. I will deny Jordan's motion and will not penalize him for not filing proposed findings of fact.

I will issue a separate order regarding the parties' motions for summary judgment.

**NOW, THEREFORE, IT IS ORDERED** that Jordan's motion for leave to file amended complaint (Docket # 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Jordan's motion for order that allows the plaintiff access to his release account for litigation costs (Docket # 41) is **DENIED**.

**IT IS FURTHER ORDERED** that Jordan's motion to compel discovery (Docket # 49) is **DENIED**.

**IT IS FURTHER ORDERED** that Jordan's motion to compel discovery (Docket # 50) is **DENIED**.

**IT IS FURTHER ORDERED** that Jordan's motion to appoint counsel (Docket # 51) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Jordan's motion for reconsideration (Docket # 56) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the defendants' motion for leave to file additional proposed findings of fact (Docket # 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jordan's motion for leave to file proposed findings of fact (Docket # 82) is **DENIED**.

Dated at Milwaukee, Wisconsin this 25th day of March, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge