# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOE'VONE M. JORDAN,**

    **Plaintiff,**

  **v.**                                       Case No. 13-CV-640

**CO JOSHUA O. ODDSEN, et al.,**

    **Defendants.**

## DECISION AND ORDER ON PARTIES' JOINT MOTION FOR PROTECTIVE ORDER

On February 1, 2016, the parties filed a "Proposed Stipulated Protective Order." (Docket # 103.) Two days later, on February 3, 2016, the parties filed a "Stipulated Motion for Protective Order." (Docket # 104.) For the reasons I explain below, I will deny the motion and I decline to adopt the proposed protective order. However, I invite the parties to supplement their joint motion and address the deficiencies in the proposed order.

Rule 26(c) of the Federal Rules of Civil Procedure allows the court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Before granting a protective order, the court must first determine whether there is good cause. This is so even where parties stipulate to a protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists."). The party—in this case, parties—seeking the protective order bears the burden of showing that good cause

exists to issue the protective order. *See Asyst Tecnologies, LLC v. Eagle Eyes Traffic Ind. Co., Ltd.*, No. 11-C-00381, 2013 WL 160264, * 2 (E.D. Wis. Jan. 14, 2013) (*citing Jepson*, 30 F.3d at 858). Conclusory statements will not suffice; rather, the party or parties must state with specificity and particularity the facts supporting the entry of a protective order. *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) (quoting 8 Charles Alan Wright & Arthur R. Millwer, *Federal Practice and Procedure* § 2035 (1970))). Here, the parties merely state that the protective order serves the interests of maintaining privacy, confidentiality, and security and that the protective order will protect against unnecessary damage and injury to the parties or others. However, to allow me to make an independent finding of good cause, the parties must be more specific and particular about the facts supporting the protective order.

Additionally, in reviewing the proposed protective order, I find two deficiencies. First, the parties have not made explicit that any interested member of the public can challenge the secreting of particular documents, as required by *Citizens First Nat'l Bank of Princeton*. 178 F.3d at 946. While the proposed order provides a procedure for the parties to challenge the designation of confidentiality, the proposed orders fail to provide a procedure for members of the public to challenge the confidentiality designation. This should be addressed in any revised proposed order. Second, the proposed protective order does not contain language limiting its applicability to pretrial discovery. Any revised proposed order must make explicit that the agreement is limited to pretrial discovery. *See id.* at 945.

In sum, to address the deficiencies in the motion for a protective order, the parties must establish good cause for entry of the order through specific and particularized facts. Further, a revised protective order proposal should include a mechanism for any interested member of the public to

challenge the confidential designation of a document and should be limited to pretrial discovery. I invite the parties to address these inadequacies and file a modified motion and proposed protective order. If the modified motion and protective order are consistent with the requirements of Rule 26(c) and Seventh Circuit case law, I will enter it.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Parties' Joint Expedited Motion for a Protective Order (Docket # 104) is **DENIED**. I will not enter the parties' protective order as currently proposed. However, I invite the parties to address the deficiencies articulated in the decision and file a modified motion and proposed protective order. The parties are to file any modified motion and proposed protective order by **February 22, 2016**.

Dated at Milwaukee, Wisconsin this 8th day of February, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge